CASE NO.:

DEPT. NO.:





3:19-cv-00532

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEVADA

# RENO DIVISION

Harry Gingold, Monique Gingold, Nahal Kedumim, LLC,
their successors and their assignees, inclusive,

       Plaintiffs,

                         **COMPLAINT**

vs.

Itronics Inc., its successors and its assignees
and John W. Whitney, Individually, inclusive,

       Defendants.

1

Plaintiffs, HARRY GINGOLD, MONIQUE GINGOLD, NAHAL KEDUMIM, LLC, in proper person, their successors and their assignees, inclusive, complain against ITRONICS INC. their successors and their assignees, inclusive, and against JOHN W. WHITNEY, Individually, inclusive, and for his role in Solicitation and in his role as, Promoter, Broker-Dealer, President, Treasurer, Director, Principal Executive, Financial Officer and Agent of ITRONICS INC, allege as follows:

## I. PARTIES JURISDICTION AND VENUE

1. The Plaintiffs, Harry Gingold (hereinafter "Harry") and Monique Gingold (hereinafter "Monique") are, and at all times relevant to herein were residents of Monongalia County, West Virginia. The Plaintiff Nahal Kedumim, LLC, (hereinafter "LLC") has five managing members, and is a New York limited liability company, and at all times relevant to herein, was a resident of Saint Lawrence County, New York.

2. Harry and Monique are, and all times relevant to herein were individual investors and managing members of LLC. LLC is, and at all times relevant to herein, LLC was, a personal investor. Naomi H.L. Gingold, Yotam Ilan Gingold and Chaim O. Gingold are, and all times relevant to herein were, managing members of LLC, and reside in Alameda County California. Yotam I. Gingold is, and all times relevant to herein was, managing member of LLC, and resident of Washington District of Columbia.

3. The mailing address of Plaintiffs is, and at all times relevant to herein was 264 Lakeside Drive, Morgantown West Virginia 26508.

4. The Defendant, ITRONICS INC. (hereinafter "ITRONICS") is, and at all times relevant to herein was, a Texas Corporation Headquartered in Washoe County Nevada and the Defendant John W. Whitney (hereinafter "Whitney") is, and at all times relevant to herein was, a resident of Washoe County Nevada.

5. The business mailing address of Defendants is, and at all times relevant to herein was, 6490 S. McCarran Boulevard, Building C, Suite 23, Reno Nevada 89509.

6. All acts and omissions alleged in this Complaint occurred in Washoe County Nevada in violation of Nevada Law, Nevada Revised Statues and Nevada Administrative Code.

The matter in controversy exceeds the value of $75,000 and Diversity of Citizenship exists. This Court has proper jurisdiction pursuant to 28 U.S. Code § 1332.

7. Venue is proper as Washoe County Nevada is a primary business location of Defendants.

## II. FACTS

The Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

8. ITRONICS is a Producer of Fertilizers and Metals that offered Plaintiffs to purchase ITRONICS 2009 Series A 10% Callable Convertible Promissory Notes (hereinafter "Note").

9. On the date of February 23, 2010 Plaintiffs signed in Morgantown West Virginia three Subscription Agreements (hereinafter "Agreement") with ITRONICS to purchase three Notes, respectively. On the date of March 9, 2010 Defendants executed the Notes.

10. Hereinafter, each Agreement together with each corresponding Note is called "Contract".

11. The Notes aver that:

a) For the payment of five thousands US Dollars ($5,000) (hereinafter "Principal") received and accepted from Harry by ITRONICS, Harry purchased Note 0309101.

b) For the payment of five thousands US Dollars ($5,000) received and accepted by ITRONICS

from Monique, Monique purchased Note 0309103.

c) For the payment of twenty thousands US Dollars ($20,000) received and accepted by ITRONICS from LLC, LLC purchased Note 0309102.

12. The solicitation to purchase Notes from ITRONICS and the promotion of ITRONICS Notes took place via emails and via a phone conference call with Whitney and William Forkner.

13. The Notes promise to pay in full Notes Holders the Principal and all accrued interest at an annual compounded rate of 10%, on or before March 9, 2015. Defendants failed to pay in full.

14. The contract also gives Note holders a Conversion right (hereinafter "Conversion") to convert the Principal and all accrued interest into ITRONICS common shares (hereinafter "Underlying Shares") at a certain price. Defendants failed to issue the Underlying Shares on or after March 9, 2015.

15. On June 28, 2010, Defendants carried out a Reverse Split to ITRONICS shares, (share symbol ITRO), at a ratio of 1000 to 1.

16. The Reverse Split occurred about one hundred and ten (110) days after the contracts were executed. Following the Reverse Split ITRONICS' shares entered a catastrophic plunge, causing a catastrophic drop to the value of the Underlying Shares and causing Plaintiffs damages in excess of $75,000.

## III. CLAIMS FOR RELIEF

The Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

**A. Breach of Contract.**

17. Plaintiffs and Defendants entered into valid and existing contracts set forth above.

18. Plaintiffs performed their obligations under these contracts or were excused from doing so.

19. Defendants breached the contracts as set above.

20. This breach was material.

21. As a result of Defendants breach, Plaintiffs sustained damages in an amount in excess of $75,000 that will be proven at the trial.

**B. Breach of Fiduciary Duty.**

22. Defendants owed Plaintiffs, as custodian of the Underlying Shares, a Fiduciary Duty to act in the best interests of Plaintiffs and to refrain from taking bad faith and arbitrary acts like: : a) a Reverse Split, b) pressuring Plaintiffs to accept Underlying Shares at arbitrary and capricious prices, c) pressuring Plaintiffs to accept substitute securities for Underlying Shares.

23. This breach was material.

24. As a result of Defendants breach, Plaintiffs sustained damages in an amount in excess of $75,000 that will be proven at the trial.

**C. Breach of the implied Covenant of Good Faith and Fair Dealing.**

25. Implied in the Contracts with Plaintiffs is the Covenant of Good Faith and Fair Dealing.

26. Defendants breached the implied Covenant of Good Faith and Fair Dealing by failing to notify Plaintiffs in writing in a timely manner, about their planned Reverse Split and by taking bad faith and arbitrary acts like: a) a Reverse Split, b) pressuring Plaintiffs to accept Underlying Shares at arbitrary and capricious prices, c) pressuring Plaintiffs to accept substitute securities for Underlying Shares.

27. This breach was material.

28. As a result of Defendants breach, Plaintiffs sustained damages in an amount in excess of $75,000 that will be proven at the trial.

**D. ITRONICS is an Alter Ego for Whitney.**

29. Whiney must be held liable Individually for all damages to Plaintiffs, for his role in Solicitation and in his role as: Promoter, Broker-Dealer, President, Treasurer, Director, Principal Executive, Financial Officer and Agent of ITRONICS. In these roles Whitney caused damages to Plaintiffs in an amount in excess of $75,000 that will be proven at the trial.

**E. Whitney violated Nevada Revised Statues.**

30. Whitney acted as a broker-dealer in Violation of NRS &90.310.

# IV. PRAYER FOR RELIEF

The Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

**WHEREFORE**, Plaintiffs pray for the following relief:

1. For breach of Contract damages for past present and future in excess of $75,000.
2. A declaratory order that upholds Plaintiffs Conversion rights to obtain the proper number of Underlying Shares at the contractual price.
3. An Injunction that restrains Defendants from carrying out any new Reverse Split to ITRONICS' shares, not until four years after all Underlying Shares of Plaintiffs become free for trading.
4. An Injunction that restrains Defendants from carrying out any Split to ITRONICS' shares, not until four years after all Underlying Shares of Plaintiffs become free for trading.
5. A declaratory order that ITRONICS is an Alter Ego for Whitney.
6. A declaratory order that holds Whitney Individually and Personally liable for past present and future damages in excess of $75,000.
7. For punitive damages for the breach of Fiduciary Duty as the law permits.

6

8. For punitive damages for the breach of the implied Covenant of Good Faith and Fair Dealing as the law permits.

9. For punitive damages for violation of **NRS §90.310** as the law permits.

10. For present and future attorney fees, litigation fees and other related expenses.

11. For such other and further relief as this court deems just and equitable.

<u>**THE PLAINTIFFS DEMANDS A TRIAL BY JURY**</u>

DATED this 22th day of August, 2019

*/s/ H. Gingold*
Harry Gingold
264 Lakeside Drive
Morgantown, WV 26508
Telephone: 304.276.5355
Email: hgingold@gmail.com
Per Jury Plaintiff in Proper Person

7

August 22, 2019

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

*H. Gingold*

Harry Gingold
264 Lakeside Drive
Morgantown, WV 26508
Telephone: 304.276.5355
Email: hgingold@gmail.com
Proper Person

8