UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HARRY GINGOLD, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br>ITRONICS, INC., *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:19-cv-00532-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

Plaintiffs[1] are investors who bring this action *pro se* against Itronics, Inc. ("Itronics") and its principal and agent, John W. Whitney ("Whitney")[2] (collectively, "Defendants"). (ECF No. 1 at 2-4, 6.) Before the Court are Itronics'[3] motion to dismiss (the "MTD") (ECF No. 7) and Plaintiff Harry Gingold's motion for leave to amend the Complaint (the "MTA") (ECF No. 17). For the reasons explained below, the Court will deny the MTD and grant the MTA.[4]

///

///

---

[1] Plaintiffs are Harry Gingold ("Harry"), Monique Gingold ("Monique") and Nahal Kedumim, LLC (the "LLC"). (ECF No. 1 at 2.) Plaintiffs are proceeding *pro se* and Harry has apparently been representing Monique and the LLC. Accordingly, United States Magistrate Judge Carla L. Baldwin has advised Harry that he can represent himself in this case, but not Monique or the LLC. (ECF No. 22 at 2.)

[2] Whitney is a promoter, broker-dealer, president, treasurer, director, principal, executive, and financial officer of Itronics. (ECF No. 1 at 2, 6.)

[3] Itronics was the only party identified as the moving party in the MTD (ECF No. 7 at 1) and as the responding party in the response to the MTA (ECF No. 19 at 1). It is not clear whether Whitney may have been inadvertently omitted from these filings.

[4] The Court has also reviewed the briefs relating to the MTD and MTA. (ECF Nos. 12, 13, 14, 15, 19, 20.) Because Itronics only served Harry the MTD (ECF No. 7 at 5), the other Plaintiffs were not required to respond to the MTD.

## II. BACKGROUND

The following facts are alleged in the Complaint (ECF No. 1), unless otherwise indicated.

On February 23, 2010, Plaintiffs each signed a Subscription Agreement to buy a convertible promissory note ("Notes") from Itronics. (*Id.* at 3-4.) On March 9, 2010, Defendants executed the Notes. (*Id.*) Harry and Monique each paid $5,000 for their Notes, and the LLC paid $20,000. (*Id.* at 4.) Itronics promised to pay all Notes—both the principal and accrued interest at an annual compounded rate of 10%—by March 9, 2015. (*Id.*) But Itronics failed to do so. (*Id.*) In the event that Itronics cannot pay the Notes in full by the deadline, Plaintiffs have a right to convert the principal and all accrued interest into Itronics common shares at $.002 per share (the "Stock Options"). (*Id.*) Itronics failed to pay the Notes in full and failed to issue Shares. (*Id.*) On June 28, 2010, Defendants carried out a reverse split to Itronics stock at a ratio of 1000 to 1, plunging the value of the Stock Options in excess of $75,000. (*Id.*)

On August 26, 2019, Plaintiffs filed this action asserting a claim against Whitney for violation of NRS § 90.310 and claims against both Defendants for breach of contract, fiduciary duty and the implied covenant of good faith and fair dealing. (*Id.* at 4-6.) Plaintiffs also allege that Itronics is an alter ego of Whitney. (*Id.* at 5-6.)

## III. MOTION TO DISMISS

The MTD challenges this Court's subject matter jurisdiction, contending that the amount in controversy is not satisfied. (ECF No. 7 at 1.)

"A federal court has jurisdiction over the underlying dispute if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs (i.e., diversity jurisdiction)." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (footnote omitted) (citing 28 U.S.C. § 1332(a)). When a plaintiff "originally files in federal court, the amount in controversy alleged by the plaintiff controls as long as the claim is made in good faith. *Id.* (citing *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)). "To justify dismissal,

it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (quoting *Crum*, 231 F.3d at 1131). "This is called the 'legal certainty' standard, which means a federal court has subject matter jurisdiction unless 'upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount.'" *Id.* (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). The Ninth Circuit has said that the legal certainty standard is met in only three situations:

> 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction.

*Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986).

Plaintiffs repeatedly allege that the amount in controversy exceeds $75,000. (ECF No. 1 at 3-6.) This allegation is sufficient because Itronics has not shown that Plaintiffs' allegations were made in bad faith and because Plaintiffs "need not itemize or show how [it] arrived at the amounts of damages claimed." *K. Durant Enterprises, LLC v. Swanson Travel Professionals, Inc.*, Case No. CV 13-01534 MMM AJWX, 2014 WL 545843, at *2 (C.D. Cal. Feb. 10, 2014); *see also Leitner v. Sadhana Temple of New York Inc.,* Case No. CV 13-07902 MMM (EX), 2013 WL 12149236, at *2 (C.D. Cal. Dec. 16, 2013) (holding that plaintiff's allegation that the amount in controversy "is in excess of the sum of $75,000, exclusive of interests and costs" was sufficient) (internal quotes and citations omitted).

Itronics argues it is a legal certainty that the jurisdictional minimum is not met here. (ECF No. 7 at 3; ECF No. 13 at 4-5.) But Itronics relies on materials beyond the Complaint, Subscription Agreements, and Notes. (*See* ECF No. 7-5 (table summarizing total principal and interest owed on the Notes); ECF Nos. 13-1 (defense counsel's affidavit), 13-6 (tables calculating total principal and interest owed on the Notes), 13-7 (emails between Itronics and Harry).) As a general rule, the Court may not consider such materials on a motion to dismiss, subject to three exceptions that neither apply here nor Itronics has argued for

///

///

3

their application.[5] *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) (The court will "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."). To consider these extrinsic materials, the Court must convert the MTD into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But the Court declines to do that here. "[D]iscovery has not commenced in this action [and] the parties have not had an opportunity to prepare the documents and arguments necessary for a complete motion for summary judgment and opposition thereto." *Doe v. Roe*, No. 2:12-cv-1644-MMD, 2013 WL 1787175, at *4 (D. Nev. Apr. 25, 2013).

The Court finds Plaintiffs have alleged sufficient facts to satisfy the amount in controversy.[6] Itronics' MTD is denied.

## IV. MOTION TO AMEND

Federal Rule of Civil Procedure 15 ("Rule 15") allows a party to amend their pleading as a matter of course within 21 days after serving it, otherwise amendments are permitted only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a). Courts have discretion to grant leave and should freely do so when justice so requires. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend only if there is strong evidence that amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Sonoma Cty. Ass'n of Retired*

---

[5]*See Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (describing the exceptions: "1) a court may consider documents properly submitted as part of the complaint on a motion to dismiss; 2) if documents are not physically attached to the complaint, incorporation by reference is proper if the document's authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them; and 3) a court may take judicial notice of matters of public record.") (internal quotes and citations omitted).

[6]Itronics concedes that there is complete diversity of citizenship among the parties. (ECF No. 7 at 3.) The Court agrees. Harry and Monique are West Virginia residents. (ECF No. 1 at 2.) The LLC comprises of Harry, Monique, Naomi H.L. Gingold, Chaim O. Gingold, and Yotam Ilan Gingold. (*Id.*) Naomi and Yotam are California residents, while Yotam is a resident of the District of Columbia. (*Id.*) On the other hand, Itronics is a Texas corporation with its headquarter in Nevada, while Whitney is a Nevada resident. (*Id.* at 3.)

*Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citation omitted). "In exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation and internal quotes omitted)).

Harry seeks leave to amend the Complaint to add allegations and exhibits that specify the amount in controversy, and to add claims for relief under the Federal Securities Act of 1933, Securities Exchange Act of 1934, and Sarbanes-Oxley Act of 2002. (*See* ECF No. 17 at 4; ECF No. 20 at 3-4; ECF No. 17-2 at 10-13.) Itronics argues that the Court should deny leave to amend because amendment would be futile where here the new allegations would not change the amount in controversy to meet the jurisdictional minimum. (ECF No. 19 at 1-2.) Itronics also contends that Harry knew or should have known that Itronics completed its issuance of 20 billion shares in 2008, and that, in any case, such fact is irrelevant to this case where Plaintiff signed the Notes in 2010. (ECF No. 19 at 2.) The Court disagrees.

First, amendment is not futile because the jurisdictional minimum is satisfied for reasons already explained above. Second, to the extent Itronics is arguing that granting the MTA will cause undue delay, the Court is not persuaded. Plaintiffs filed this action on August 26, 2019 (ECF No. 1), and Harry filed the MTA on December 17, 2019 (ECF No. 17)—far in advance of the deadline to amend (February 4, 2020) and the discovery cut-off date (March 4, 2020) (ECF No. 22 at 2). Third, irrelevance is not a basis for denying the MTA.

In sum, in light of Rule 15's presumption favoring amendment, and having rejected Itronic's arguments against amendment, the Court will grant Harry's MTA. However, amendment is granted only with respect to Harry Gingold. The proposed amended complaint identifies Monique and the LLC as plaintiffs, but Harry cannot represent them. For these two plaintiffs, the case will proceed for now on the original Complaint, though the Court defers the matter of the LLC's representation to Judge Baldwin to address.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Itronic's motion to dismiss (ECF No. 7) is denied.

It is further ordered that Plaintiff Harry Gingold's motion for leave to amend the Complaint (ECF No. 17) is granted.

DATED THIS 20th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE