UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HARRY GINGOLD, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br>ITRONICS, INC., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:19-cv-00532-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

This action is for breach of contract and fiduciary duties relating to stock purchases. Plaintiffs Harry Gingold, Monique Gingold, and Nahal Kedmim, LLC seek to recover debts owed on three promissory notes issued by Defendants Itronics Inc. and John W. Whitney. Before the Court is Plaintiffs' motion for partial summary judgment.[1] (ECF No. 49 ("Motion").) On February 17, 2021, the Court held a hearing on the Motion, during which Plaintiff orally requested the remaining claims in the first amended complaint (ECF No. 30 ("FAC")) be dismissed with prejudice. As explained further below, the Court will grant the Motion, dismiss the remaining claims in the FAC with prejudice, and enter judgment in this matter.

**II.   BACKGROUND[2]**

On March 9, 2010, each Plaintiff made a loan to Defendant Itronics and its president, Defendant Whitney, secured by a promissory note. (ECF No. 49-2 ("Notes").) Plaintiffs Harry and Monique Gingold loaned Defendants $5,000 each, and Plaintiff Nahal Kedmim, LLC loaned Defendants $20,000. (*Id.*) Per the terms of the Notes, each

---

[1]Defendants responded (ECF No. 50) and Plaintiffs replied (ECF No. 51).

[2]The following facts are undisputed unless otherwise noted.

debt was to be due in full on or before March 9, 2015. (*Id.*) The principal loans would also accrue interest at a rate of 10% per year, compounded annually. (*Id.*)

Plaintiffs allege various statutory and common law claims relating to their investment in Itronics, including breach of contract for failure to pay the amount promised by the Notes.[3] (ECF No. 30 at 12-13.)

In his sworn declaration submitted with Defendants' prior motion to dismiss, Defendant Whitney confirmed that Itronics had executed the Notes with Plaintiffs and had not paid. (ECF No. 7-1 at 2.) Whitney further stated that, at the time of his declaration, Plaintiff Harry Gingold was owed $10,880.21, Plaintiff Monique Kingold was owed $10,880.21, and Nahal Kedumim LLC was owed $43,494.18. (ECF No. 7-1 at 2.) Defendants also submitted a summary of the Notes' balances, including payments Defendants had made up until August 26, 2019. (ECF No. 7-4 at 2.) By Defendants' accounts, they had paid $4,685.03 in total—$780.90 to each of the Gingold Plaintiffs and $3,123.23 to the LLC Plaintiff. (*Id.*)

Because Defendants effectively admitted liability, Plaintiffs moved for summary judgment on their breach of contract claim. (ECF No. 49.) Defendants opposed, arguing there was a factual dispute about the amount of damages. (ECF No. 50.) The Court scheduled a hearing to resolve the damages question. (ECF No. 52.) The day before the hearing, Defendants filed a supplemental exhibit indicating the outstanding balance on the notes and reflecting payments Defendants had previously made.[4] (ECF No. 55-1 (the "Exhibit").) The Exhibit reflected an outstanding balance of $82,161.55, with $13,693.52 owed to Harry Gingold, $54,774.51 owed to Nahal Kedumim LLC, and $13.693.52 owed to Monica Gingold. (*Id.* at 2.)

///

---

[3]Only the breach of contract claim is at issue in the Motion. (ECF No. 49 at 2 n.1.)

[4]Although Defendants did not seek leave to file their supplemental documentation as required by the Court's Local Rules, Plaintiffs did not object to the Court considering the Exhibit and orally stipulated to its inclusion.

2

1 | The hearing took place on February 17, 2022. Plaintiffs stipulated to the damages amount orally at the hearing. The Court confirmed that the remaining claims in the FAC were not addressed by the Motion, and Plaintiffs moved to dismiss their remaining claims with prejudice to conclude this case. Defendants did not object, and the Court orally granted Plaintiffs' Motion and their motion to dismiss their remaining claims, with this order to follow.

**III.   LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party

resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

## IV.     DISCUSSION

Plaintiffs assert that Defendants have conceded they are in breach of the contract by admitting that they have not paid the balance of the promissory notes. (ECF No. 49 at 4-5.) In their motion to dismiss, Defendants stated, "Itronics admits that it has not fully paid the amounts due under the three Notes," and proceeded to estimate the amount due to each Plaintiff. (ECF No. 7 at 2.) This statement, Plaintiffs claim, entitles them to summary judgment on their breach of contract claim in the amount of $76.753.98. (ECF No. 49 at 5.) Defendants do not dispute liability. (ECF No. 50 at 5.) Instead, Defendants oppose the Motion and argue that because Plaintiffs admitted Itronics paid some of the interest owed, and further that it remains unclear how much is owed to each Plaintiff, summary judgement on damages is premature. (*Id.* 3-4.) However, at the hearing both parties stipulated to the total damages amount of $82,161.55. Because Defendants concede liability, the amount of damages owed is certain, and the parties stipulated to the remaining balance, the Court will grant the Motion.

When liability is established and damages are certain, a Court may assess damages. *See City of Aurora v. West*, 74 U.S. 82, 104 (1868) (differentiating between "uncertain" judgment sums which must be assessed by a jury and actions "upon a bill of exchange or promissory note," where "the computation may be made by the court").

4

1  However, even when liability is not in dispute, the nonoffending party must demonstrate
2  "by substantial evidence" that they are entitled to the damages sought. *Foster v.*
3  *Dingwall*, 227 P.3d 1042, 1050 (Nev. 2010). The total amount owed to Plaintiffs under
4  the Notes is calculable per the terms of the Notes—and therefore sufficiently certain for
5  the Court to decide the appropriate damages amount, rather than a jury.

6  Here, the parties have stipulated to the amount owed on the Notes. But even if
7  they had not, there is no dispute about the principal amount or the rate of interest, and
8  there does not appear to be any dispute that Defendants already paid some $4,685.03
9  in interest. (ECF Nos. 50 at 3, 30 at 8.) Indeed, Plaintiffs' Motion contemplates that prior
10 payment, and calculates the subsequent interest accrued based on Defendants' own
11 calculations. (ECF No. 51 at 2 n.1.)

12 Moreover, Defendants' objections that damages remain incalculable at this time
13 are unpersuasive. The Court notes that Plaintiffs and Defendants arrived at different
14 sums prior to the hearing. Plaintiffs argue their sum was calculated using the 10%
15 yearly compounding interest provided in the Notes' terms. (ECF No. 51 at 2 n.1.) This
16 explanation resolves Defendants' second objection, that Defendants' sum calculated in
17 August 2019 differs from Plaintiffs' sum calculated in April 2021—they have included the
18 interest which is still accruing.[5] Finally, Defendants argue that Plaintiffs claimed over
19 $17 million in damages in the FAC, yet are asking for $76,753.98 in their Motion. (ECF
20 No. 50 at 3-4.) But Plaintiffs explain that the $17 million figure was calculated from the
21 stock conversion option in the Notes, which they are not exercising. (ECF No. 51 at 3.)
22 Instead, Plaintiffs wish to recover the principal and the accrued interest, minus the
23 payments Defendants have already made.

---

[5]Certain assumptions in Plaintiffs' calculations gave the Court pause. Defendants' August 26, 2019 estimation of amount owning under the Notes was $65, 254.60. (ECF No. 7-4 at 2.) Plaintiffs' estimation added the 10% annual interest as of August 26, 2020, arriving at $71, 780.06, then applied a prorated sum at 10% interest to reach $76,753.98. (ECF No. 51 at 2 n.1.) Applying the same reasoning, the Court arrived at a sum of $76,617.83. But discrepancies aside, it was not immediately clear why the interest should be added in August, not on March 9 as would mark the time the interest annually compounds. Any issue with these discrepancies are moot, as the parties stipulated to the sum Defendants proffer in the Exhibit.

5

Having considered the parties briefs and arguments at the hearing, the Court finds there is no dispute of fact and that Plaintiffs are entitled to judgment as a matter of law. The Court will therefore grant the Motion. Moreover, because Plaintiffs voluntarily moved to dismiss their remaining claims with prejudice, the Court will do so and will direct entry of judgment.

## V.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiffs' motion for partial summary judgment (ECF No. 49) is granted. Each Plaintiff is entitled to damages on its breach of contract claim as follows:

| | |
|---|---|
| Harry Gingold: | $13,693.52 |
| Monique Gingold: | $13,693.52 |
| Nahal Kedumim LLC: | $54,774.51 |

It is further ordered that Plaintiffs' remaining claims are dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 17th Day of February 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE